661 P.2d 308

STATE of Idaho, Plaintiff-Respondent,

v.

David DAVIS, Defendant-Appellant.

No. 13239.

Supreme Court of Idaho.

March 30, 1983.

Francis H. Hicks, Mountain Home, for defendant-appellant.

David H. Leroy, Atty. Gen., and Lynn E. Thomas, Sol. Gen. (argued), Boise, for plaintiff-respondent.

BISTLINE, Justice.

Charged with a felony, the defendant waived his right to a jury and submitted the question of his guilt to the district court. The district court did so try the issue but only after inquiry of the prosecuting attorney—who said the state would defer to the views of the judge.[1] The court found the defendant guilty and imposed sentence.

The sole issue presented on appeal is the defendant's contention that the district

---

1. The particular district judge's views had been well publicized in an article appearing in *The Advocate* in August of 1980: Walters, Waiver of Jury Trial In Felony Cases, *The Advocate,* Vol. 23, No. 7, p. 1 (1980).

court was without jurisdiction to allow the defendant to waive a jury trial. Defendant relies primarily on article 1, section 7 of the Idaho Constitution and *In re Dawson,* 20 Idaho 178, 117 P. 696 (1911). The State, in its brief, correctly points out the inapplicability of the *Dawson* case—where there was no trial, but a plea of guilty to the felony there charged. Although the Court did in *Dawson* make the statement:

"The language used in sec. 7, art. 1 of the constitution was no doubt intended to preserve to the citizens of the state the right of trial by jury as it existed under the common law, and such right is retained in all cases which were triable by jury at common law, and limits the power of the court and of the citizens to a waiver of a jury only in the trial of criminal cases not amounting to a felony, and then only by consent of both parties expressed in open court."

20 Idaho at 182, 117 P. at 697,

such was pure dictum.[2]

The State argues that in *State v. Hightower,* 101 Idaho 749, 620 P.2d 783 (1980), we changed the rule set forth in *State v. Scheminisky,* 31 Idaho 504, 174 P. 611 (1918), that a jury may not be waived in felony cases and that *Hightower* "necessarily stands for the proposition that a trial by jury *may* be waived in felony cases." We are unable to find any discussion of art. 1, § 7 in *Scheminisky* and put it aside. We also do not read *Hightower* for the proposition that "a trial by jury may be waived in felony cases," nor do we find it necessary to

2. The circuitry displayed here is noteworthy. Defendant's citation of Dawson's dictum appears to be borrowed from the State's *Hightower* brief, where, at page 26, the State after mention of *Dawson*'s "most relevant rationale and language," set forth the dictum which we have above set forth, declaring that it governs "even if it is assumed for purposes of argument that art. 1, § 7, grants a non-waivable right to jury trial in a felony case only to the accused."

3. In November of 1982 the people of Idaho by ratification effectuated an amendment to article 1, section 7 of the Idaho Constitution which now reads:

"The right of trial by jury shall remain inviolate; but in civil actions, three-fourths of the jury may render a verdict, and the legislature

determine at this late date, in this case, the meaning of the language in art. 1, § 7.[3]

As acknowledged in State's brief here, in *Hightower* we said:

"As stated, the motion to reopen the criminal proceedings was allowed on two grounds: (1) that I.C. § 18–213 is unconstitutional, and (2) that there was a constructive fraud on the court.

"A. As to the first ground, our attention is not called to any principle of law which allows the State to acquiesce in the procedure leading to entry of a judgment of acquittal, acquiesce in the involuntary commitment of a defendant pursuant to that procedure, destroy all physical evidence in the case, and much later seek to reopen the case on a challenge of the constitutionality of the procedure under which the defendant was committed. One text states the general rule on the need for a timely attack on the constitutionality of a statute as follows:

"'In general, waiver of a constitutional right or the right to challenge the constitutionality of a statute may be effected, or estoppel created, by deliberate election, by conduct inconsistent with the assertion or exercise of the right, as by any course of conduct which shows an intention to waive any question as to the validity of the statute, or by conduct rendering it unjust to permit the assertion of such a constitutional provision.' 16 C.J.S. *Constitutional Law* § 89(b) (1956) (footnotes omitted).

may provide that in all cases of misdemeanors five-sixths of the jury may render a verdict. A trial by jury may be waived in all criminal cases by the consent of all parties, expressed in open court, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions the jury may consist of twelve or of any number less than twelve upon which the parties may agree in open court. Provided, that in cases of misdemeanor and in civil actions within the jurisdiction of any court inferior to the district court, whether such case or action be tried in such inferior court or in district court, the jury shall consist of not more than six."

"Similarly, this Court held in *People v. Alturas County,* 6 Idaho 418, 422, 55 P. 1067, 1067 (1899), that the State was estopped from challenging the method of enacting a statute because, among other things, of 'the long-continued acquiescence in and recognition of the validity of said act.'

"It is a well established principle, moreover, that this Court 'will not pass upon questions of constitutionality until presented in a cause demanding rulings thereon." *Twin Falls Canal Co. v. Huff,* 58 Idaho 587, 599, 76 P.2d 923, 928 (1938). *Accord, Swenson v. Buildings, Inc.,* 93 Idaho 466, 463 P.2d 932 (1970); *Hill v. Schultz,* 71 Idaho 145, 227 P.2d 586 (1951). If the State had doubts as to the constitutionality of § 18–213, it should have mounted an appropriate challenge at the original hearing, long before the judgment of acquittal was entered, before Hightower was committed, and before the evidence was destroyed. Accordingly, the State is barred from making its belated challenge to the constitutionality of § 18–213. *See State v. Hannah,* 120 Ariz. 1, 583 P.2d 888 (1978) (denial of due process to destroy evidence which had a reasonable probability of being material to defendant's guilt or innocence and of being favorable to defendant); *State v. Wright,* 87 Wash.2d 783, 557 P.2d 1 (Wash.1976) (same)." 101 Idaho at 756–57, 620 P.2d at 790–91.

As is readily seen, we did not reach the issue of waiver by a defendant of *his* constitutional right to a trial by jury, but held, as to the State's contention that it too had a constitutional right to a jury trial on the issue of guilt, that the State having, on two occasions on two separate charges, not raised the issue in the district court, it could not be heard to raise it later in a collateral attack on a judgment of acquittal rendered by the trial court pursuant to former I.C. § 18–213. The *Hightower* defendant on the basis of a district court finding of mental defect had been acquitted by reason thereof in accordance with the statutory provisions—but the issue of his guilt or innocence of the crimes with which he was charged was not factually determined. Only later when the State moved to open up the judgment of acquittal on the basis of fraud in the procurement did the State for the first time raise the constitutionality of the statutory scheme insofar as it left to the court rather than a jury the question of a defendant's absolution of responsibility based on mental defect. We simply held there that the State could not at that late date and in that manner challenge the validity of a procedure in which the State had participated and by which it had institutionalized that defendant away from society for an indefinite confinement in a mental institution. *See* former I.C. § 18–214 (quoted at 101 Idaho at 752 n. 3, 620 P.2d at 786 n. 3).

Today, consistent with our decision in *Hightower,* we again decline to pass upon a claim that the Constitution mandated a trial by jury where it was the defendant himself who sought a trial to the court, and thereby waived his right to a jury trial, being ready to realize the benefits which he apparently thought might accrue to him at the hands of the court as against a jury. Without doubt the defendant had a constitutional right to a jury trial, but such, as with most constitutional rights provided to persons accused of crime, can be waived. It was here waived, and accordingly

*We affirm.*

DONALDSON, C.J., and HUNTLEY, J., concur.

SHEPARD and BAKES, JJ., concur in the result.