703 P.2d 727

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Danny E. SWAN, Defendant-Appellant.**

**Nos. 15140, 15172.**

Court of Appeals of Idaho.

July 18, 1985.

William M. Killen, McCall, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Rene A. Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Acting Chief Judge.

Danny Eric Swan was tried and convicted of first degree burglary and aggravated assault on June 9, 1983 in Cascade, Idaho. Swan raises three issues on appeal:

(1) that trial by court in a felony case constituted reversible error.

(2) that he made no effective waiver of his right to trial by jury.

(3) that there was not sufficient evidence to establish guilt on the burglary charge.

We find it necessary to address only the issue of whether Swan's waiver of the right to a jury trial was effective. We hold that it was not effective, and therefore we reverse the judgment of the trial court and remand for a new trial.

This case arises out of an incident that occurred on March 28, 1983 in McCall, Idaho, wherein the defendant Swan allegedly fired a gun at James Tracy. Tracy had noticed that the driver's door of his Ford

Econoline Van was open, and approached the vehicle to inspect the situation. Swan allegedly emerged from Tracy's vehicle and fired a shot at Tracy.

Swan was eventually taken into police custody and charged with two felonies: first degree burglary and aggravated assault. An information was filed April 14, 1983 and an arraignment was held on Friday, April 15, 1983. Swan received a court trial on June 9, 1983 and was found guilty of both charges.

At the heart of Swan's argument on appeal is his assertion that he never effectively waived his right to a jury trial. Swan argues that more than a stipulation by counsel and the trial judge to waive jury trial is necessary.

At no time was the defendant personally asked whether he waived this right. Stipulation to a waiver was made only by his attorney, the prosecutor and the judge.[1]

In *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the United States Supreme Court held that the right to a jury trial was not jurisdictional, and thus it could be waived. The *Patton* court held:

... Trial by jury is the normal, and with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had in addition to the *express and intelligent consent of the defendant.* And the duty of the trial court in that regard is not to be discharged as a matter of vote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offense dealt with increases in gravity. 281 U.S. at 312, 50 S.Ct. at 263, 74 L.Ed. at 870 (emphasis added).

1. The record reflects the following exchange took place at the arraignment on April 15, 1983:

THE COURT: All right. Now, do we need a pretrial conference on this? Are you discussing any plea bargain or anything like that?

MR. LYNCH: I don't believe so, Your Honor.

MR. SCHOENHUT: Right now there is one other thing, Your Honor, I believe the prosecuting attorney and I were just discussing, and we believe we can stipulate in this matter to waive jury trial.

THE COURT: Well, that's a little unusual, but we just had a case that came down that said we can do that.

MR. LYNCH: I've never incurred it, but I would stipulate to such.

THE COURT: Yes. I just got it in the advance sheets. I don't believe the judgment is filed yet. They still have the reconsideration within 42 days, but we can—the jury trial can be waived. I'm reasonably sure that it will not be reconsidered.

As a matter of fact, I think we've got a— well, I don't need to expound on that. If anybody wants to see the case, I think it might even have it with me. I'm not sure. I may have.

Okay. How long will it take to try it without a jury?

MR. SCHOENHUT: One day, Your Honor, I believe

MR. LYNCH: I believe we can do it in maybe a long day, but I think we can get it finished.

At the beginning of trial on June 9, 1983 the following discussion took place:

THE COURT: Now, this is the time set for trial in this case entitled the State of Idaho versus Danny Eric Swan. Case No. 2638.

Would counsel please identify yourselves and tell the Court if you are ready to proceed.

MR. LYNCH: Thomas Lynch, prosecuting attorney for Valley County. Yes, I am, Your Honor.

MR. SCHOENHUT: James L. Schoenhut, attorney for the defendant. Yes, we are, Your Honor.

THE COURT: It's the Court's understanding that both sides in this case have waived trial by a jury; is that correct?

MR. LYNCH: The State does, Your Honor.

MR. SCHOENHUT: That's correct, Your Honor.

The United States Supreme Court has warned that waiver of the right to a jury trial is not to be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Furthermore, the right to a jury trial is a fundamental right and must be recognized by the states as part of their obligation to extend due process of law to all persons within their jurisdiction. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

The right of waiver in felony cases has only been available in Idaho since 1982, when the state constitution was amended to allow for such.[2]

The Idaho Supreme Court has held that a defendant in a felony case may, in fact, waive his right to jury trial. *State v. Davis*, 104 Idaho 523, 661 P.2d 308 (1983). To date, however, the question of what constitutes sufficient waiver has not been addressed.

The federal courts and many states have established procedures by which jury trial in felony cases may be waived. For example, the federal courts require that the waiver be in writing. Fed.Rule of Crim.P. 23(a). Other states, with or without statutory guidance, permit oral or written waivers, so long as made expressly by the defendant. *State v. Butrick*, 113 Ariz. 563, 558 P.2d 908 (1976), *People v. Holmes*, 54 Cal.2d 442, 5 Cal.Rptr. 871, 353 P.2d 583 (1960).

The California Supreme Court stated in *People v. Holmes, supra,* that "it has been uniformly held that waiver must be expressed and will not be implied from defendants' conduct." The same court later held:

"Waiver by counsel is not sufficient; a fortiori, having been "advised" by counsel is not sufficient.... But if it is now necessary that an accused waive his right to a jury, California law would seem to require some express courtroom statement by the accused and to preclude waiver by even the most redoubtable inference from the record." *In re Tahl*, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969).

When faced with this same issue, the Supreme Court of Kansas stated:

"In accord with this position we hold that in order for a criminal defendant to effectively waive his right to a trial by jury, the *defendant* must first be advised by the court of his right to a jury trial, and he must *personally* waive this right in writing or in open court for the record." *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975). *See also, Walker v. State*, 578 P.2d 1388 (Alaska, 1978). (emphasis added).

Colorado Criminal Procedures Rule 23(a)(5) provides:

Except as to class I felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record, *or by his announcement in open court* appearing of record if the prosecuting attorney consents. Trial shall then be by the court. (Emphasis added.)

The Supreme Court of Colorado has required that a defendant personally waive the right to a jury trial and that a statement by counsel cannot operate as waiver. Moreover, a requirement that a defendant personally waive the right to a trial by jury alleviates the difficult task presented to an appellate court that is seeking to determine the meaning of the defendant's silence. *Rice v. People*, 193 Colo. 270, 565 P.2d 940 (1977).

---

**2.** Prior to 1982, Art. I Sec. 7 of the Idaho Constitution read:

... A trial by jury may be waived in all criminal cases not amounting to felony, by the consent of both parties, expressed in open court and ... by the consent of the parties, signified in such manner as may be prescribed by law....

In November 1982 that portion of Art. I, Sec. 7 was amended to read:

... A trial by jury may be waived in all criminal cases, by the consent of all parties expressed in open court, and in civil actions by the consent of the parties signified in such manner as may be prescribed by law.... *See, also, State v. Davis*, 104 Idaho 523, 661 P.2d 308 (1983).

The American Bar Association Standards for Criminal Justice, Vol. III., Ch. 15, Trial by Jury, Section 1.2(b) (1980) recommends the following:

> The Court shall not accept a waiver unless the defendant, after being advised by the court of his right to a trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.

We hold that such procedure is a sound one for Idaho to adopt. Where the waiver is left to implication from conduct, there is danger of misinterpretation with respect to a right the importance of which requires there be certainty. *People v. Holmes, supra.* A requirement that the Court personally address the defendant will not constitute an undue burden on the courts where this very important right is at issue. Reversed and remanded.

McFADDEN and TOWLES, Acting JJ., concur.