753 P.2d 833

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Deloy WHEELER, Defendant–Appellant.**

**No. 16970.**

Court of Appeals of Idaho.

April 6, 1988.

William F. Bacon of Johnson, Olson, Robison, Chartered, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

A magistrate, in a trial without a jury, found Deloy Wheeler guilty of driving while intoxicated. On appeal, the district court upheld the magistrate's judgment of conviction. Wheeler further appeals, contending that he did not waive his right to a jury trial, that an insufficient foundation was laid to admit the results of a breath analysis, and the evidence did not support the magistrate's finding of guilt. We hold that an effective waiver of the right to a jury trial is not shown by this record. Because we find that issue to be determinative, we do not reach the other issues raised by Wheeler. We remand the case for a new trial.

On August 16, 1986, Wheeler was cited for driving while under the influence of alcohol, a violation of I.C. § 18–8004. It appears that on November 20, 1986, the court set Wheeler's case for trial before a jury on January 15, 1987. However, on the latter date a court trial was held instead. Wheeler contends that the lack of a jury at his trial resulted from confusion and a misunderstanding between his counsel and the court, and should not constitute a waiver of his right to have his case heard by a jury.

Because our decision rests upon the lack of a showing of a clear waiver in the record, we have included extensive excerpts from the trial transcript. (Punctuation and capitalization by transcriber.) At the opening of the trial, the following exchange occurred:

COURT: All right, are there any preliminary matters?

BACON [Wheeler's Counsel]: Yes, Your Honor, there is. We would like to have the Court hear an argument or a Motion to Dismiss based on probable cause, or the failure thereof, in the event that the Court rules favorable [sic] to the Defendant, it would necessarily mean that the remainder of the trial would be unnecessary. I would like to argue that first, Your Honor.

COURT: Well, do you wish to make the motion, now?

BACON: Yes, Your Honor.

COURT [Addressing the prosecutor]: Mr. Heideman, what's your—

HEIDEMAN: Your Honor, the State would object at this time to the motion. This is a pre-trial matter, legal issues should have been taken sometime—taken up before the Court sometime before the time set for trial. It is not part of the State's case. We have four elements. The Motion to Dismiss is based upon the probable cause. The probable cause is not one of the elements that the State needs to prove. So, the State would object at this time, due to the untimeliness of the motion.

COURT: Mr. Bacon, I have, in anticipation of that copy—or taken a photocopy of [Idaho Criminal] Rule 12, subsection (f), failure to raise the defenses or objections must be made prior to trial, or at a time set by the Court pursuant to subsection (d), or prior to an extension thereof made by the Court, or it shall constitute a waiver. So, I would—

BACON: I would, for the record at this time, Your Honor, state on the record, that we had initially requested a jury trial, I had anticipated arguing before the jury the probable cause issue, not on a Motion to Dismiss, but as a factual finding. And based on my conferences with the Court and Mr. Heideman, it was my understanding that there would be no objection, or I would have the opportunity to make that argument, then the jury trial was waived—

COURT: Well, you can certainly raise any defenses that you—I mean, as a matter of fact. What the facts are, but as far as the Motion to Dismiss, it is untimely and it is denied.

BACON: Okay, I am ready to proceed, Your Honor.

The trial followed on the heels of this exchange. During closing argument,

Wheeler's counsel again attempted to raise the issue of "probable cause." [1] The prosecuting attorney again objected. The following colloquy ensued:

"COURT: Well, I know what you are getting at, Mr. Bacon. As I indicated that probably, Mr. Bacon, if you are going to argue probable cause for the stop, it should have been argued long before the time of trial.

"BACON: This is not a Motion to Dismiss for Failure of Probable Cause.

"COURT: I am aware of what the evidence has been concerning the stop. If you want to make your argument relative to the factual situation of that stop, why that's one thing. But, as far as the Constitutional provision for dismissal, I think that it has been waived.

"BACON: Well, may we approach the bench, Your Honor? I am going to ask for a mistrial. Basically, I only waived the jury trial under the belief that I could argue the officer's stop.

"COURT: Well, you can argue the stop. But, as far as using the Constitutional basis—

"BACON: Well, that's what it is, probable cause.

"COURT: No, it isn't. You've waived that, because it wasn't brought up before trial.

"BACON: Okay, that's my grounds for mistrial. I didn't know at that time. I was not under the impression that that was going to be held to. Because I've got the United States Supreme Court case with the jury instruction. The jury can make that finding, whether it is actual facts to support probable cause. [sic]

"COURT: The jury and the court, the trier of the fact can make a determination as to the facts.

"BACON: Okay, well, that's it. That's what in our regard on a Motion to Dismiss, wouldn't it?

"COURT: Well, I have already denied your Motion to Dismiss.

"BACON: Well, we agreed—

"COURT: The facts of the case are there. That's been presented to the Court. All of the legal issues have been waived.

"BACON: Well, maybe we ought to verify the record, because I am not clear. The only grounds I waive the jury trial, was under the belief that I could argue that probable cause factual—

"COURT: You can argue the factual setting of the case.

"BACON: Isn't the point, that the officer had to make the stop? Is the Court not going to make a determination on that?

"COURT: I am going to make a determination on that. That's part of the factual scenario of the whole case.

"BACON: Okay, I'm—I make make [sic] a motion for mistrial. I just don't understand what the difference is.

"COURT: Well, the difference is, that if you are going to make a motion, a legal motion for a dismissal of the case, based upon—

"BACON: No—

"COURT: The fact that there was not probable cause, it should have been done. You still have the factual circumstances that led up to this entire circumstance, you are entitled to make your argument on, but it is on the fact, not on the legal technicalities of whether or not this man's Constitutional Rights have been violated.

"BACON: Okay, are you referencing that from an [sic] 1983 action or something?

"COURT: No, I am referencing it on whether or not, you are going to raise the question of probable cause on a legal question, that his Constitutional Rights have been violated, that should have been done. Now, we are down to the facts of the

---

1. It is our impression that throughout this proceeding Wheeler's counsel's "probable cause" argument rested upon an assertion that the officer lacked the reasonable suspicion necessary to justify the stop. *See State v. Simpson,* 112 Idaho 644, 734 P.2d 669 (Ct.App.), *rev. denied,* 112 Idaho 948, 738 P.2d 94 (1987). Wheeler's counsel contended that if the fruits of that stop were suppressed, a dismissal was inevitable.

arrest and what happened on it. I am well aware what the testimony has been relative to that. You may make your factual argument.

"BACON: Okay, for the record, I guess that I am going to make a motion for a mistrial at this point in time. Based on my—and this is on the record, a motion for a mistrial at this time, based on the fact that the jury was waived only under the belief, which apparently was a mistaken belief that I would be given an opportunity to argue the right to dismiss the cause of action, based on probable cause.

"COURT: Well, Mr. Heideman, maybe if you want to respond to that?

"HEIDEMAN: Yes, Your Honor, I believe that I have made it perfectly clear in talking to Mr. Bacon throughout these proceedings for the jury trial, that I would object to any time, to him arguing the probable cause, due to the untimeliness of the motion. He has indicated to me before that probable cause was his issue in this. That we talked about it at the pre-trial, at that time, he intended to talk to the officer. I have a note in my file about the probable cause. I fully expected the Defendant to motion it up for a Motion to Dismiss on the probable cause. When I found out that he was going to argue probable cause to the jury, I told him that I would object to that. He indicated to me at that time, that he intended to waive the jury and we would argue that in front of the Judge. I told him again, that I would object to him arguing probable cause to the Judge in a trial setting.

"BACON: More factual background, I did attempt to contact Officer Calling, he never did return my calls. Furthermore, the only condition that I had—the only opportunity that I had to argue formal rule 12, Motion to Dismiss, was on the condition that if I was not successful, that my client have to enter a plea of guilty, which was certainly unconscionable.

"COURT: Well, the facts of the case— where we are at now, we're at the trial— the legal motions for probable cause that I have tried to explain to you, Mr. Bacon, have long since gone. The trial is here,

now. I will take into consideration any determination that is made here today, based on the facts that have been presented to the Court. Whether or not, and I will specifically tell you right now, that I will be concerned with what happened in this stop. That is part of the factual setting that we find ourselves in, now. But, as far as the legal niceties of the preliminary motions, they weren't made. I am not going to consider it in that setting. The trial has been made, the evidence has been presented, you may argue on the evidence that has been presented.

"BACON: Very good. As long as the Court realizes that I am not making a Rule 12 motion at this time.

"COURT: I hope we're not. I want you to understand that we're now on the facts. And I am the trier of the facts, since the jury has been waived.

"BACON: My earlier motion still stands. In any event, I will continue—

"COURT: Well, as far as—if your motion for mistrial is still before the Court, I will rule on that.

"BACON: Okay, I would like a ruling on that.

"COURT: I will deny your motion."

Subsequently, the magistrate found Wheeler guilty of the charge. On appeal, the district court concluded that the magistrate had, in fact, found probable cause for the stop. Therefore, the district court upheld the conviction. Wheeler now appeals from that decision.

The right to a jury in a criminal trial is secured by the Sixth Amendment to the United States Constitution and by Article 1, § 7, of the Idaho Constitution. The United States Constitution requires that a defendant accused of a serious, non-petty offense be afforded the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Our state Constitution provides a trial by jury for all public offenses which are potentially punishable by imprisonment or where potential fines or other sanctions are punitive in nature. *State v. Bennion*, 112 Idaho 32,

730 P.2d 952 (1986). An individual found guilty of driving while under the influence of alcohol may be imprisoned. I.C. § 18–8005. Thus, Wheeler had a right to a jury trial. But the right to a jury trial is not jurisdictional; it can be waived. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *State v. Davis,* 104 Idaho 523, 661 P.2d 308 (1983); *State v. Swan,* 108 Idaho 963, 703 P.2d 727 (Ct.App. 1985).

 The Idaho Constitution sets forth the minimum standards for waiving the right to a jury. In relevant part, Section 7 of Article 1 provides:

> A trial by jury may be waived in all criminal cases, by the consent of all parties, expressed in open court, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law.

The method of waiving a jury trial is a procedural matter and is also governed by rules promulgated by our Supreme Court. *Allen Steel Supply Co. v. Bradley,* 89 Idaho 29, 403 P.2d 859 (1965). *See also City of Pocatello v. Anderton,* 106 Idaho 370, 679 P.2d 647 (1984); *R.E.W. Construction Co. v. District Court of the Third Judicial District,* 88 Idaho 426, 400 P.2d 390 (1965). A waiver cannot be made or enforced unless it appears to have been made in conformance with the existing rule. *Van Vranken v. Fence–Craft,* 91 Idaho 742, 430 P.2d 488 (1967). The constitutional provision is supplemented by Idaho Criminal Rule 23, which reads in part:

> (a) Felony cases. In felony cases issues of fact must be tried by a jury, unless a trial by jury is waived by a written waiver executed by the defendant in open court with the consent of the prosecutor expressed in open court and entered in the minutes.
> (b) Misdemeanor cases. In criminal cases not amounting to a felony, issues of fact must be tried by a jury, unless a trial by jury is waived by the consent of both parties expressed in open court and entered in the minutes.

 Appellate courts carefully scrutinize an assertion that a defendant has waived his right to a jury. Because trial by jury is one of the fundamental guaranties of the rights and liberties of the people, every reasonable presumption should be indulged against its waiver. *Neal v. Drainage Dist. No. 2,* 42 Idaho 624, 248 P. 22 (1926). *See, e.g., Johansen v. Looney,* 30 Idaho 123, 163 P. 303 (1917). Even in a civil action, a waiver may not be shown by implication. *Van Vranken v. Fence–Craft, supra.* "The right to a jury trial is a fundamental right, and must be guarded jealously." *State v. Bennion,* 112 Idaho at 37, 730 P.2d at 957. The consent of the defendant must be express and intelligent. *Patton v. United States, supra.*

> [T]he duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Id.* 281 U.S. at 312–313, 50 S.Ct. at 263.

The court convicted Wheeler of a misdemeanor. He contends that any waiver of a jury was grounded upon his counsel's mistaken belief that he would be permitted to present "a motion to dismiss" for lack of sufficient cause to stop Wheeler's vehicle. Wheeler also notes that the record fails to show he personally waived his jury right; in addition, the trial court minutes do not mention a waiver. The state asserts that the record demonstrates that Wheeler was aware that his case was being tried to a judge and that he voluntarily acquiesced to his counsel's waiver. The state also contends that any misunderstanding by counsel was cured by the magistrate's announcement at the conclusion of the trial regarding grounds for the stop.

We begin by stating that we are not persuaded by the state's argument that Wheeler's "motion to dismiss" was ruled upon by the magistrate. Although the magistrate's oral decision included a discussion of the evidence surrounding the stop, it was couched in terms of reasonable doubt, which is not the quantum of evi-

dence necessary for a traffic stop. Contrary to the district court's appellate conclusion, our impression is that the magistrate may have weighed the evidence regarding the officer's observations prior to the stop in determining whether Wheeler was in fact under the influence of alcohol, not for the purpose of determining whether the fruits of the stop should be suppressed —a claim the magistrate had already held to be belatedly raised. In any event, the question before us is not whether the evidence should have been suppressed, but whether Wheeler agreed to a waiver of the jury.

Apparently a jury was not present when Wheeler appeared for trial. According to Wheeler's counsel, the jury's absence resulted from counsel's understanding that although the magistrate would not permit the validity of the officer's stop to be challenged before a jury, the magistrate would be willing to hear the challenge himself. However, when Wheeler's counsel began his argument, which he characterized as a motion to dismiss, the motion was deemed untimely as a suppression motion pursuant to I.C.R. 12. Despite that ruling, counsel acceded to proceeding with the court trial. However, as the quoted colloquy indicates, counsel apparently did so under a continuing misapprehension. When it finally became clear to him that the court was not going to consider dismissing the case based on the invalidity of the stop, counsel sought a mistrial. At no point did counsel express on behalf of Wheeler an unconditional waiver of the right to a jury trial.

In addition, as Wheeler points out, no waiver is noted in the court's minutes. Given the inclusion of a transcript in the record, we do not find the failure to include a waiver in the court's minutes *per se* determinative. Compare *Farmer v. Loofbourrow*, 75 Idaho 88, 267 P.2d 113 (1954); *Kelson v. Ahlborn*, 87 Idaho 519, 525, 393 P.2d 578, 581 (1964) (where no transcript was available, "[t]he failure of the court to make a minute entry of any alleged waiver precludes reliance upon such waiver.").

2. *See* 3 AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE: TRIAL BY

But it is one more factor supporting Wheeler's contention that an intention to waive a jury was not clearly expressed.

Finally, the record does not indicate that Wheeler personally waived his right to a jury. In *State v. Swan*, 108 Idaho 963, 966, 703 P.2d 727, 730 (Ct.App.1985), a special panel of our court adopted the American Bar Association's recommendation,[2] and held that:

> [A] Court shall not accept a waiver unless the defendant, after being advised by the court of his right to a trial by jury, *personally* waives his right to a trial by jury, either in writing or in open court for the record. [Emphasis added.]

*Accord People v. Holmes*, 54 Cal.2d 442, 5 Cal.Rptr. 871, 353 P.2d 583 (1960); *Rice v. People*, 193 Colo. 270, 565 P.2d 940 (1977).

In *Swan*, after stating the ABA recommendations, the Court concluded:

> We hold that such procedure is a sound one for Idaho to adopt. Where the waiver is left to implication from conduct, there is danger of misinterpretation with respect to a right the importance of which requires there be certainty. A requirement that the Court personally address the defendant will not constitute an undue burden on the courts where this very important right is at issue.

*State v. Swan*, 108 Idaho at 966, 703 P.2d at 730 (citations omitted). However, Swan was charged with a felony—Wheeler was charged with a misdemeanor. As *Patton v. United States, supra*, recommends, the court's "caution" should increase as the degree of the offense increases in gravity. We find it unnecessary to decide at this time whether a personal waiver is similarly required for a misdemeanor. But, we focus on that same risk of misinterpretation by the trial court, which was highlighted in *Swan*. The lack of a personal waiver is another factor weighing against the state's contention that Wheeler knowingly and voluntarily waived this fundamental right.

JURY § 1.2(1) (2d ed. 1980).

As the decisions cited throughout this opinion reflect, our appellate courts do not find waivers of fundamental rights in doubtful cases. We conclude that this record simply does not clearly demonstrate an express, voluntary and intelligent waiver of Wheeler's right to a jury trial. In essence, this record depicts a defendant being led uncertainly by counsel to bypass one of his fundamental rights. Our conclusion is based on three factors—any waiver by Wheeler's counsel resulted from confusion and misunderstanding, no waiver is included in the court's minutes, and no waiver was personally entered by Wheeler. We do not decide today whether any one of these factors alone would invalidate a waiver of a misdemeanor defendant's right to a jury.

For the above reasons, we hold that the record does not demonstrate an express waiver by Wheeler of his right to a jury trial. Absent an express waiver by the defendant, the court erred in proceeding with the trial. In our view, the other issues raised by Wheeler are not subject to inevitable repetition on retrial and do not require our attention at this time.[3] *See* I.C. § 1-205.

The decision of the district court, upholding the magistrate's judgment of conviction, is hereby reversed. The judgment is vacated and the case remanded for new trial.

BURNETT and SWANSTROM, JJ., concur.

---

**3.** Although Wheeler may again challenge introduction of the Intoximeter 3000 results, the denied objection from which he has appealed was based on a lack of foundation being laid by the state. As we cannot foresee what foundation may be laid by the state at a new trial, we believe any discussion by us at this point would be pure speculation.