# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45592

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| CLINTON HAGGARD, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge. Hon. James H. Barrett, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for misdemeanor domestic battery, reversed and case remanded.

Trevor L. Castleton, Bingham County Public Defender, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Clinton Haggard appeals from the decision of the district court, on intermediate appeal from the magistrate, affirming Haggard's judgment of conviction for misdemeanor domestic battery, which the magistrate entered following a court trial. Haggard contends that his written waiver of the right to a jury trial was constitutionally defective because the magistrate did not inquire into the validity of the waiver prior to proceeding to a court trial. This argument was raised for the first time on appeal to the district court. For the reasons set forth below, we reverse the decision of the district court and remand for further proceedings.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Haggard with misdemeanor domestic battery. I.C. § 18-918(3)(b). While in custody at the jail, Haggard initialed and signed a notification of rights form, which included the following language:

> [Paragraph] 4. Should you plead "not guilty", you have the right to a trial before the Court or a jury of six (6) jurors drawn from the Court Jury Panel. You may bring witnesses or evidence to the trial on your behalf and you will have the opportunity to confront and cross-examine witnesses testifying against you.

On the same day, Haggard appeared before the magistrate for arraignment and the magistrate advised Haggard of his rights. Haggard pled not guilty and requested the appointment of a public defender to represent him. Haggard also signed and dated a statement of rights for domestic assault or battery cases, which included the following provisions:

> 3.  You have the right to a jury trial and to compel the attendance of witnesses on your behalf without expense to you.
> . . . .
> 4.  NOT GUILTY PLEA. If you plead NOT GUILTY, the court will ask you whether you wish to have a trial before a jury or a trial before a judge only, and will set a trial date.
> . . . .
> 10.  I HAVE READ THIS DOCUMENT OR HAD IT EXPLAINED TO ME AND HAVE RECEIVED A COPY.

At the pretrial conference held approximately one month later, Haggard, his counsel and the prosecuting attorney signed a pretrial stipulation and order, which was filed with the court. The stipulation included an option for a court trial and an option for a jury trial. The option for court trial was checked. That option reads: "COURT TRIAL is set for 7 day of Sept., 2016 at 1:15 P.M. ***And the right to have this matter heard by jury trial is waived by both parties.***" Although the stipulation and order also included a signature line for a magistrate, a magistrate did not sign the document.[1] A court trial was held on the scheduled date at which the magistrate found Haggard guilty. The magistrate subsequently entered Haggard's judgment of conviction.

---

[1]  The name of the magistrate listed on the stipulation and order is different than the magistrate who ultimately presided over Haggard's court trial.

Haggard appealed to the district court. In his notice of appeal, trial counsel (who represents Haggard on this appeal; who represented Haggard at the arraignment, court trial, and sentencing; and who signed the stipulation and order waiving the jury trial) stated the issue on appeal as: "It is reversible error for the conviction to have been entered against [Haggard] when he did not waive his right to a jury trial in front of the presiding magistrate judge as required by applicable Idaho law."

On intermediate appeal, the district court entered an order indicating that the appeal would be decided on the clerk's record, the parties' briefs and oral argument, without preparation of a transcript of any of the trial proceedings. Haggard challenged the validity of his written jury trial waiver on the basis that the magistrate failed to inquire about the waiver in open court. The district court entered a written decision dismissing Haggard's appeal and affirming the judgment of conviction, concluding that Haggard's written waiver was adequate to waive his right to a jury trial. Haggard appealed to this Court.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Because this is an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we are procedurally bound to affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).[2]

### III.

### ANALYSIS

Haggard contends that his written waiver of a jury trial was constitutionally invalid because it was not accompanied by an inquiry by the trial court regarding whether the waiver was knowing, voluntary, and intelligent and that the failure to make such an inquiry constitutes fundamental error. The State responds that, because there is no clear authority to support Haggard's contention that a signed jury trial waiver in a misdemeanor case is constitutionally inadequate if it is not made or acknowledged in open court, his claim fails under fundamental error. We hold that, because the record shows no inquiry into the validity of Haggard's written jury trial waiver and no basis for concluding that the written waiver was knowing, voluntary and intelligent, Haggard has met his burden of showing fundamental error.

Article I, Section 7 of the Idaho Constitution[3] reads:

> The right of trial by jury shall remain inviolate; but in civil actions, three-fourths of the jury may render a verdict, and the legislature may provide that in all cases of misdemeanors five-sixths of the jury may render a verdict. A trial by jury may be waived in all criminal cases, by the consent of all parties, expressed in open court, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law. In civil actions the jury may consist of twelve or of any number less than twelve upon which the parties may agree in open court. Provided, that in cases of misdemeanor and in civil actions within the jurisdiction of any court inferior to the district court, whether

---

[2] The standard of review applicable to appeals from an intermediate appellate decision by the district court also includes review of the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). Because of the nature of the issue raised in this case, there are no factual findings by the magistrate to review.

[3] Although Haggard cites both the United States Constitution and Idaho Constitution in support of his claim, his argument contains only a passing reference to the United States Constitution and instead focuses on the Idaho Constitution. Accordingly, we limit our analysis to the Idaho Constitution. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (stating that a party waives an issue on appeal if either authority or argument is lacking).

such case or action be tried in such inferior court or in the district court, the jury shall consist of not more than six.

It is clear from the text of Article I, Section 7 that the right to a jury trial may be waived in a criminal case so long as it is done with the consent of all parties, expressed in open court, in a manner prescribed by law. It is undisputed that, during the pretrial conference, Haggard personally executed a written waiver of his right to a jury trial, which was filed with the court, but the magistrate never inquired about the waiver nor made any findings related to its validity. Haggard challenged the validity of that waiver for the first time on intermediate appeal. The district court, in its intermediate appellate capacity, applied the three-part test from *Perry* and concluded that Haggard failed to establish fundamental error vis-à-vis his jury trial waiver. Specifically, the district court concluded that Haggard's written waiver of his right to a jury trial foreclosed his claim because his personal waiver meant he could not show a violation of an *unwaived* constitutional right. The district court reasoned that Haggard's written waiver was constitutionally adequate.[4]

The district court's conclusion comports with the general rule that issues not raised below may not be considered for the first time on appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126. This rule has been applied in the context of a jury trial waiver. In *State v. Davis*, 104 Idaho 523, 661 P.2d 308 (1983), the defendant waived his right to a jury trial and submitted to a court trial at which the court found the defendant guilty. On appeal, the defendant argued that, under the version of Article I, Section 7 that existed at the time of his trial, the district court did not have jurisdiction to permit the jury trial waiver.[5] *Davis*, 104 Idaho at 523-24, 661 P.2d at 308-09. The Idaho Supreme Court rejected the argument, stating that it "decline[d] to pass upon a claim

---

[4]    The district court's decision relied, in part, on our decisions in *State v. Swan*, 108 Idaho 963, 703 P.2d 727 (Ct. App. 1985) and *State v. Vasquez*, Docket No. 43260 (Ct. App. Sept. 6, 2017), both of which suggested, but did not expressly decide, that a written waiver would suffice. However, the Idaho Supreme granted review in *Vasquez* and issued its decision approximately six months after the district court's intermediate appellate decision. *State v. Vasquez*, 163 Idaho 557, 416 P.3d 108 (2018).

[5]    The relevant portion of Article I, Section 7 previously read:  "A trial by jury may be waived in all criminal cases, not amounting to a felony." The "not amounting to a felony" language was deleted by amendment and ratification in November 1982.

that the Constitution mandated a trial by jury where it was the defendant himself who sought a trial to the court, and thereby waived his right to a jury trial." *Id.* at 525, 661 P.2d at 310.

Although *Davis* did not employ the fundamental error standard, the decision comports with the principle reflected in prong one of that standard, which requires the defendant to demonstrate violation of an *unwaived* constitutional right. Haggard, however, argues that his waiver was not valid because the waiver was not discussed with him in open court. Haggard relies on the Idaho Supreme Court's opinion in *State v. Vasquez*, 163 Idaho 557, 416 P.3d 108 (2018) to support his claim.

In *Vasquez*, the Court considered whether the waiver of a jury trial through counsel satisfied the requirements of Article I, Section 7 of the Idaho Constitution. Vasquez was charged with felony intimidating a witness. Vasquez initially pled not guilty and the case was set for jury trial. The day prior to trial, Vasquez's counsel and the prosecutor advised the court that they intended to waive the jury trial and proceed to a court trial. On the day of trial, both the prosecutor and trial counsel orally agreed that the parties were waiving a jury trial in favor of a court trial. Although Vasquez was present, the court did not inquire whether she personally agreed to the waiver. Following the court trial, the district court found Vasquez guilty.

For the first time on appeal, Vasquez argued that, because she did not expressly waive her right to a jury trial either in writing or in open court, her right to a jury trial under Article I, Section 7 of the Idaho Constitution was violated. *Id.* at 561, 416 P.3d at 112. Because the argument was not preserved, the Court applied the three-part fundamental error test articulated in *Perry*. The Court concluded that Article I, Section 7 requires a personal waiver of the right to a jury trial and that the failure to obtain a defendant's personal, knowing, and voluntary waiver of that right satisfies the first prong of the fundamental error test. *Vasquez*, 163 Idaho at 562, 416 P.3d at 113.

Turning to the second prong of the fundamental error test, the Court held that the error was clear because the district court did not follow the procedure set forth in I.C.R. 23(a). *Vasquez*, 163 Idaho at 562, 416 P.3d at 113. Idaho Criminal Rule 23(a) provides: "In felony cases issues of fact must be tried by a jury, unless, in open court, a trial by jury is waived in writing by the defendant and the consent of the prosecutor is expressed and entered in the minutes." The Court concluded that, because the trial court did not discuss the jury trial waiver

with Vasquez and because she did not offer any indication that she waived her right in a knowing, voluntary manner, the trial court's failure to follow I.C.R. 23(a) resulted in a clear violation of Vasquez's constitutional right to a jury trial.[6] *Vasquez*, 163 Idaho at 562, 416 P.3d at 113.

Finally, on the third prong of the fundamental error test, the Court held that a constitutionally invalid waiver of the right to a jury trial is a structural defect that relieves a defendant of the burden to show prejudice. *Vasquez*, 163 Idaho at 562-63, 416 P.3d at 113-14. In the context of holding that a constitutionally invalid waiver is a structural defect, the Court stated:

> [I]n criminal cases trial courts must obtain a defendant's consent to waive the right to jury trial, not just from counsel, but from the defendant herself. Further, such waiver must be knowing, intelligent and voluntary. Failing to make these findings as to the defendant personally establishes a structural defect in the proceedings.

*Id.* at 563, 416 P.3d at 114 (citations omitted). The conclusion portion of the Supreme Court's opinion in *Vasquez* reads: "we hold that failure to obtain a personal waiver of jury trial from the defendant, either orally or in writing in open court is a structural defect, which constitutes fundamental error." *Id.* at 564, 416 P.3d at 115.

Although the Court's conclusion in *Vasquez* expressly contemplates a written waiver, consistent with Article I, Section 7, the Court's conclusion also states that the waiver must be made in open court. Haggard argues that the open court requirement "clearly means that the court personally address the defendant in open court to ensure that such written waiver is a

---

[6] Although prong two of the fundamental error test provides for consideration of whether the failure to object was a tactical decision, the Court's analysis in *Vasquez* does not evaluate this aspect of prong two. Presumably this is because, regardless of any tactical reason for not objecting, it is the court's obligation to assure that the waiver of the right to a jury trial is knowing, intelligent, and voluntary. *See United States v. Shorty*, 741 F.3d 961, 966 (9th Cir. 2013) (relying on Supreme Court precedent for the proposition that courts have a serious and weighty responsibility to determine whether a waiver is knowing and intelligent). However, we note with some concern that, during oral argument before the district court, counsel for Haggard (who was in the same firm that represented Haggard throughout the remainder of the proceedings) stated that "because of the numerous cases in the magistrate division and the guidelines from the Supreme Court on how those are supposed to be run through, [the waiver] is used as a time management tool to schedule a court trial and then later a jury trial."

knowing and voluntary one." This argument finds support in the requirement articulated in *Vasquez* that the court must make a finding that the jury trial waiver is knowing, intelligent, and voluntary. *Vasquez*, 163 Idaho at 563, 416 P.3d at 114. However, there appears to be potential tension between Haggard's argument and some of the criminal rules. *See State v. Wheeler*, 114 Idaho 97, 101, 753 P.2d 833, 837 (Ct. App. 1988) (noting that jury trial waivers cannot be made or enforced unless made in conformance with existing rules). For example, some of the applicable rules allow for adjudication of a misdemeanor through writing without requiring the defendant's appearance in open court to ensure that the defendant is knowingly, intelligently, and voluntarily waiving his or her rights associated with the charge, including the right to a jury trial. *See* I.C.R. 43(b) (providing that a defendant who is represented by counsel and charged only with misdemeanors may give written consent to proceed without his physical presence at arraignment, plea, trial, or sentencing); I.M.C.R. 14 (providing that a defendant can enter a written plea of guilty in certain cases charged by uniform citation or complaint and a clerk can enter a judgment of conviction and collect payment of the fine and court costs for the charge). Presumably these rules are consistent with Article I, Section 7 given that the constitutional provision provides that a jury trial waiver may be "signified in such manner as may be prescribed by law." However, we need not address or resolve any potential tension between *Vasquez* and the criminal rules because, even assuming a written waiver could be sufficient in certain circumstances,[7] it was not sufficient in this case.

Although Haggard had previously been advised of his right to a jury trial and the written waiver he signed reflected he was waiving that right, there was no indication that Haggard waived his right in a knowing, voluntary manner. *See Vasquez*, 163 Idaho at 562, 416 P.3d at 113. Appellate courts carefully scrutinize an assertion that a defendant has waived his or her right to a jury trial and every reasonable presumption should be indulged against its waiver. *Wheeler*, 114 Idaho at 101, 753 P.2d at 837. While an express written waiver is strong proof that the waiver was voluntary, it is not conclusive. *See State v. Nguyen*, 122 Idaho 151, 153, 832

---

[7] Similar to *Vasquez*, the Ninth Circuit has held that, in addition to the requirements of F.R.C.P. 23(a), there is a "fourth requirement: the waiver must be knowing and intelligent." *Shorty*, 741 F.3d at 966. The Ninth Circuit has also stated that a "writing confers on a waiver the presumption that it was made knowingly and intelligently." *Id.*

8

P.2d 324, 326 (Ct. App. 1992) (noting that, in the context of the Fifth Amendment, a signed waiver is strong proof of a voluntary waiver, but not conclusive). The record must clearly demonstrate an express, voluntary, and intelligent waiver of the right to a jury trial in order for it to be enforceable. *Wheeler*, 114 Idaho at 103, 753 P.2d at 839. Evidence that the defendant understood the benefits and burdens of a jury trial and freely chose to waive a jury would support a conclusion that the defendant knowingly, voluntarily, and intelligently waived the right. *See Shorty*, 741 F.3d at 967. Because there was no inquiry into whether Haggard's jury trial waiver was knowing, intelligent and voluntary, and no finding that it was, and because there is no information in the record from which to conclude the waiver was valid, *Vasquez* compels the conclusion that Haggard's claim survives the first two prongs of the fundamental error test.[8]

Haggard's claim also survives the third prong of the fundamental error test in light of *Vasquez*'s holding that a constitutionally invalid waiver is a structural defect that automatically satisfies the third prong of *Perry*. *See Vasquez*, 163 Idaho at 563, 416 P.3d at 114. Accordingly, Haggard has met his burden of showing fundamental error in relation to his jury trial waiver and the district court's order affirming Haggard's judgment of conviction is reversed.

## IV.

## CONCLUSION

Because the record does not reveal any finding or basis for concluding that Haggard's written waiver of his constitutional right to a jury trial was knowing, voluntary and intelligent and because such a defect is structural, Haggard has met his burden of showing fundamental error regarding his jury trial waiver. The district court's order affirming Haggard's judgment of

---

[8]     Again, while prong two of the fundamental error analysis in cases like this does not appear to consider counsel's intentions, it is unclear why trial counsel, who represented Haggard throughout the proceedings before the magistrate, would delay raising the claim despite his apparent awareness of it as reflected in the issue statement in his notice of appeal to the district court. It is also unclear why trial counsel, who also represents Haggard on appeal, would suggest in his brief to this Court that his client did not read or understand the stipulation and order in which he waived his right to a jury trial. Although the magistrate would not have been aware of this information for purposes of inquiring into the validity of Haggard's waiver, the information is part of the record before this Court and "depicts a defendant being led uncertainly by counsel to bypass one of his fundamental rights." *Wheeler*, 114 Idaho at 103, 753 P.2d at 839.

conviction for misdemeanor domestic battery is, therefore, reversed and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.