# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45346

STATE OF IDAHO,             )

            )     **Boise, January 2018 Term**

     **Plaintiff-Respondent,**    )

            )     **2018 Opinion No. 35**

v.                 )

            )     **Filed: April 16, 2018**

IDA PEREZ VASQUEZ,       )

            )     **Karel A. Lehrman, Clerk**

     **Defendant-Appellant.**     )

            )

            )

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Power County.  Hon. Stephen S. Dunn, District Judge.

The judgment of conviction is <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Justin M. Curtis argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for Respondent. Mark Olsen argued.

_____

BEVAN, Justice

Ida Perez Vasquez ("Vasquez") appeals from a judgment of conviction following a trial by the court where she was found guilty of one count of intimidating a witness, in violation of Idaho Code section 18-2604(3). Vasquez argues that she was deprived of her state and federal constitutional right to a jury trial because, although her counsel waived her right to a jury trial, Vasquez never personally waived such right, either orally or in writing. Vasquez subsequently appealed and this case was originally heard and decided by the Court of Appeals; however, we granted the State of Idaho's petition for review.  We now vacate Vasquez's conviction and remand this case to the district court.

1

# I. FACTS AND PROCEDURE

In 2009, D.P. made allegations of sexual abuse against her paternal uncle, but later recanted those allegations. The paternal uncle and Vasquez are siblings. In 2012, D.P. disclosed additional acts of sexual abuse by the same uncle. Because of the new allegations, police officers again investigated the 2009 allegations. During the course of the 2012 investigation, the officers obtained evidence that Vasquez coached D.P. in 2009 regarding what to say during her recantation. As a result, Vasquez was charged with intimidating a witness.

Vasquez initially pleaded not guilty and the case was set for jury trial on September 24, 2014. After a failed attempt at mediation, trial was reset to December 2, 2014. The day before trial, Vasquez's counsel and the prosecutor informed the district court that they intended to waive Vasquez's right to a jury trial and stipulate to a trial by the court. On the day of trial, the following exchange occurred:

> Court: Yesterday I was advised by the counsel for parties, both the state and the defendant, that they had stipulated to waive a jury and try this case to the court. Is that right, Mr. Peterson?
>
> Mr. Peterson: Yes, [y]our Honor.
>
> Court: Mr. Souza [counsel for Ms. Vasquez]?
>
> Mr. Souza: Yes, sir.
>
> Court: All right. So the record will reflect that agreement.

Vasquez was present, but the district court never inquired of her whether or not she personally agreed with this stipulation.

Following the court trial, Vasquez was found guilty of felony intimidating a witness. The district court imposed a unified sentence of four years, with two years determinate, and placed Vasquez on probation. Vasquez timely appealed. Vasquez's appeal was initially heard by the Court of Appeals, which vacated and remanded the case on the ground that the district court erred when it conducted a bench trial without first obtaining Vasquez's personal, express waiver of her right to a jury trial.

The State petitioned this Court for review of the Court of Appeals' ruling, arguing that Vasquez failed to meet her burden of showing fundamental error. This Court granted review on September 8, 2017.

2

Shortly thereafter, on September 12, 2017, the Idaho Department of Correction (IDOC) filed a request to terminate Vasquez's probation in the district court. On September 13, 2017, before any remittitur from this Court, the trial court granted[1] the Board's request, terminated Ms. Vasquez's probation and "set aside the guilty plea and dismissed the case." While Vasquez never pled guilty in this case, the order nevertheless had the effect of dismissing the matter pursuant to I.C. §19-2604 while Vasquez's appeal was pending before this Court.

This Court was notified of the trial court's order and the Clerk of the Supreme Court entered an order on December 7, 2017 conditionally dismissing this appeal because it appeared to be moot. The State of Idaho formally objected to that proposed dismissal, and this Court therefore left the matter pending and heard argument on January 12, 2018. Based thereon, we now vacate Vasquez's Judgment of Conviction.

## II. STANDARD OF REVIEW

"Granting a petition for review from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only when there are special and important reasons" for review. I.A.R. 118(b). When "the Supreme Court grants a petition for review, the assignment of the case to the Court of Appeals shall terminate and . . . the Supreme Court will enter an opinion and remittitur to the district court. . . ." *Id*. Thus, "[w]hen a case comes to us on a petition for review from the Court of Appeals, this Court reviews the opinion of the district court directly." *Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001) (citing *Raudebaugh v. State,* 135 Idaho 602, 21 P.3d 924 (2001)). We give "serious consideration to the views of the Court of Appeals, but directly review[] the decision of the lower court." *State v. Schall*, 157, 488, 491, 337 P.3d 647, 650 (2014). We hear the case anew as if the appeal had initially come directly to this Court. *Padilla v. State*, 161 Idaho 624, 626, 389 P.3d 169, 171 (2016).

This Court has plenary appellate jurisdiction under the Idaho Constitution to review any decision of the district court, even if the party bringing an appeal has no statutory right to appeal the district court's decision. *Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977). Justiciability issues, such as mootness, are freely reviewed. *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005).

---

[1] The extent of the trial court's jurisdiction to grant such relief while this case was pending was not addressed by the parties before or during oral argument. For purposes of this appeal this Court holds that the trial judge had jurisdiction to dismiss the underlying case pursuant to I.A.R. 13(c)(10).

## III. ANALYSIS

### A. Vasquez's case, although potentially moot, will be heard and decided by this Court.

Generally, appellate review of an issue will be precluded where an issue is deemed moot. *Manley*, 142 Idaho at 344, 127 P.3d at 959. An issue is moot "if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Id*. at 338, 343, 127 P.3d 954, 959 (internal quotations and citations omitted). However, this Court recognizes exceptions to the mootness doctrine. One recognized exception is when "the challenged conduct is likely to evade judicial review and thus is capable of repetition." *Nampa Educ. Ass'n v. Nampa School Dist. No. 131*, 158 Idaho 87, 90, 343 P.3d 1094 1097, (2015).

#### 1. Vasquez's case may not be moot.

The procedural posture of this case requires this Court to comment on the efficacy of the district court's order that dismissed Vasquez's case. As noted, the trial court entered an order pursuant to Idaho Code section 19-2604 which ostensibly withdrew Vasquez's *plea* and dismissed the case. This order was erroneous.

Section 19-2604(1) provides that after a conviction at trial, only "[u]pon application of the defendant" may a trial court "terminate the sentence . . . set aside the . . . conviction of the defendant, and finally dismiss the case and discharge the defendant. . . ." Here, the application was filed by IDOC and the record is silent whether the defendant was even aware of IDOC's request. It appears the court simply checked a box on a boilerplate form order which did not fit the facts of this case. While the State of Idaho apparently did not object to IDOC's request to terminate probation, there is no indication in the record that the state affirmatively stipulated to the dismissal entered by the court. [2] For purposes of this appeal we will treat the case as though it has been dismissed.

---

[2] It is worth noting that IDOC filed its request with the court on September 12, 2017, and a different district judge than the judge who tried the case signed the Order on Request to Terminate Probation the next day. Two boxes on the form order are checked indicating that the court "received a response from the Prosecutor" and that the State had "no objection." No such "response" is contained in the record. It is difficult to comprehend how the State could have actually filed a response and what form it took. There is nothing in the record other than the court's order which substantiates the district court's finding in this regard. Moreover, the order contains no indication that Vasquez's counsel was ever made aware of the request. While the Justice Reinvestment Initiative as adopted in 2014 allows for IDOC to file its own documents with the court without prosecutor approval, *see* Idaho Code section 20-221(3), this case presents a potential concern. Review by the state's lawyer might have avoided some of the issues this Court must now face in dealing with an *ex parte* order. Additionally, the relief presumably granted by the court's order may only be granted after *application of the defendant*. We can only surmise that the dismissal was

2. <u>Even if Vasquez' case is moot, the Court will answer the question presented in this case</u>.

Even if the order dismissing Vasquez's case is accepted as valid, this Court has plenary appellate jurisdiction under Article 5, section 9, of the Idaho Constitution to review any decision of the district court, even if the party bringing the appeal has no statutory right to appeal the decision. *Stockwell v. State*, 98 Idaho 797, 801–02, 573 P.2d 116, 120–21 (1977) (citing *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975)); *see also State v. Glenn*, 156 Idaho 22, 25, 319 P.3d 1191, 1194 (2014) (this Court will review appeals within our plenary jurisdiction that do not fully meet the criteria in the appellate rules, particularly when a case presents an important issue that will "provide helpful guidance to the affected legal community.").

In *Lewis* this Court "exercised this authority to clarify important points in the construction of the kidnapping and rape statutes and to prevent further errors of the kind which led to criminal charges being improperly dismissed in that case." *Stockwell*, 98 Idaho at 802, 573 P.2d at 121. The case before us presents a similarly important question concerning a criminal defendant's fundamental right to a jury trial. *See State v. Bennion*, 112 Idaho 32, 37, 730 P.2d 952, 957 (1986) ("The right to a jury trial is a fundamental right, and must be guarded jealously."). Furthermore, questions surrounding a defendant's right to personally waive her right to jury trial are of a recurring nature. *See*, *e.g.*, *State v. Umphenour*, 160, Idaho 503, 376 P.3d 707 (2016); *State v. Swan*, 108 Idaho 963, 703 P.2d 727 (Ct. App. 1985). The resolution of this issue will be of practical importance in administering the criminal justice system in this state and will prevent future errors by trial courts in those cases when a defendant truly does desire to waive his or her right to jury trial. Accordingly, whether Vasquez's case is moot or not, we choose to review the decision of the district court under our plenary power of appellate review granted by Article 5, section 9.

**B. Under this Court's fundamental error analysis, a criminal defendant's waiver of the right to jury trial must be made by the defendant orally or in writing.**

For the first time on appeal, Vasquez argues that she did not expressly waive her right to a jury trial under Article I, section 7 of the Idaho Constitution, either in writing or in open court.

---

what Vasquez would have wanted. Based on the pending appeal and the result reached herein, it would seem that defense counsel could well have preferred waiting to receive the outcome of this appeal, rather than the court entering a dismissal without the defendant's input, which technically left in place some of the trappings of the prior conviction. Notwithstanding those circumstances, the Court decides this case on the merits and legal authority for the decision now before us.

Her argument thus triggers this Court's test for cases on appeal that involve unobjected-to fundamental error. In *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010) this Court established the test for cases involving fundamental constitutional errors when counsel did not object in the trial court. The test requires:

> (1)    the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

*State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). Consequently,

> where an error has occurred at trial and was not followed by a contemporaneous objection, such error shall only be reviewed where the defendant demonstrates to an appellate court that one of h[er] unwaived constitutional rights was plainly violated. If the defendant meets this burden then an appellate court shall review the error under the harmless error test, with the defendant bearing the burden of proving there is a reasonable possibility that the error affected the outcome of the trial.

*Id.*

1. Vasquez's failure to personally waive her right to jury trial is a clear violation of a constitutional right.

As noted, the Sixth Amendment to the United States Constitution and Article I, section 7 of the Idaho Constitution both preserve a criminal defendant's right to trial by jury. Article I, section 7 directs *how* the right to jury trial may be waived. It states:

> The right of trial by jury shall remain inviolate. . . . A trial by jury may be waived in all criminal cases, by the consent of all parties, expressed in open court, and in civil actions by the consent of the parties, signified in such manner as may be prescribed by law.

A defendant's right to be tried by a jury of her peers is a fundamental tenet of constitutional law, both in our nation and in this state. In *Duncan v. Louisiana,* 391 U.S. 145, 148–49 (1968) the United States Supreme Court found that the right to trial by jury "in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." By way of extrapolation, the right to jury trial as guaranteed by the Sixth Amendment qualifies as 'among

6

those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.' " *Id*. (citing *Powell v. Alabama*, 287 U.S. 45, 67 (1932)).

This Court has similarly recognized that "[t]he right to a jury trial is a fundamental right and must be guarded jealously." *Bennion*, 112 Idaho at 37, 730 P.2d at 957. *See also Swan*, 108 Idaho at 966 703 P.2d at 730 (a defendant may not waive the fundamental right to trial by jury unless such waiver is made personally by the defendant, either in writing, or in open court).

Based on these statements of the law, it is axiomatic that the failure to obtain a defendant's personal, knowing and voluntary waiver of her right to jury trial is a clear violation of a constitutional right[3], thus satisfying the first prong of *Perry*. The second prong or "clear error" requirement of *Perry* is also met because the procedure followed by the trial court contravened Idaho Criminal Rule 23(a) in this case. The Rule provides: "In felony cases issues of fact must be tried by a jury, unless a trial by jury is waived by a written waiver executed by the defendant in open court with the consent of the prosecutor expressed in open court and entered in the minutes."

Here, the trial court did not discuss with Vasquez her right to trial by jury, nor did Vasquez offer any indication that she waived her right in a knowing, voluntary manner. The trial court's failure to follow this requirement establishes a clear violation of Vasquez's constitutional right to trial by jury. Thus, the first two prongs of the *Perry* analysis have been met.

2. The trial court's error is a structural error entitling Vasquez to relief.

The final issue, then, is whether *Perry's* third prong has been met. Typically a criminal defendant must establish "that the error affected the defendant's substantial rights, meaning (*in most instances*) that it must have affected the outcome of the trial proceedings." *Perry*, 150 Idaho at 226, 245 P.3d at 978 (emphasis added). Vasquez makes no argument that the invalid waiver of her right to jury trial "affected the outcome of trial proceedings." She has not argued that had the district court asked her personally whether she was waiving her jury trial right, she would have said no or that if she had gone through a jury trial she would have been acquitted. Instead, Vasquez argues that she is relieved of the burden to show prejudice because a constitutionally invalid waiver of the right to jury trial is a structural defect that dispels her obligation to show actual prejudice. We agree.

---

[3] For purposes of this opinion, that constitutional right is grounded in the Idaho Constitution, Article I, Section 7. We do not address whether the same requirement is imposed by the Sixth Amendment.

a. A constitutionally invalid waiver is a structural defect.

The nature of the constitutional violation here highlights the "in most instances" language from the *Perry* decision. Chief Justice Burdick, dissenting in *State v. Umphenour* stated the following regarding what has been called the "in most instances" hedge:

> This case invokes the "in most instances" language from [*Perry*]. This Court adopted its three-prong fundamental analysis test, including the "in most instances" hedge, from *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508, 518–20 (1993). There, the U.S. Supreme Court explained that federal courts should use the three-part inquiry to determine whether they should reverse on grounds of plain error to which no objection was made in the trial court. *Id.* While discussing the third prong of the *Olano* test, the Idaho Supreme Court explained:
>
> > The reason the parenthetical—(in most instances)—was inserted into the third prong above is because the U.S. Supreme Court in *Olano* declined to determine whether unobjected to constitutional violations rising to the level of structural defects will satisfy the 'affect substantial rights' prong without a showing of actual affect on the outcome of the case.
> > ....
> > The State of Idaho shares the same conflicting interests as the federal government when it comes to review of unobjected to error, and we find that the U.S. Supreme Court struck an appropriate balance between these competing interests in their opinion in *Olano.*

*Umphenour*, 160 Idaho at 511, 376 P.3d at 715 (Burdick, J. Dissenting) (quoting *Perry,* 150 Idaho at 225–26, 245 P.3d at 977–78).

The "in most instances" hedge left open the question whether a constitutional violation rising to the level of a structural defect would satisfy the third prong of *Perry* without the defendant having to prove the actual effect of the outcome of the trial. This case presents a textbook example for just such an analysis.

As noted, this Court has followed U.S. Supreme Court jurisprudence for identifying structural defects. *See Perry*, 150 Idaho at 222, 245 P.3d at 974. The list of such defects enumerated in *Perry* identified several circumstances where the U.S. Supreme Court has found a structural defect. In doing so, this Court noted that the list was not exclusive, even though "as a general rule, *most* constitutional violations will be subject to harmless error analysis." *Id*. (emphasis added). This Court expressly noted that there may be other constitutional violations "that would so affect the core of the trial process that they require an automatic reversal. . . ." *Id*. at 223, 245 P.3d at 975.

8

This is just such a case, because the facts presented " 'defy analysis by harmless-error standards.' " Failing to obtain Vasquez's knowing and voluntary waiver of her right to a jury trial affected " 'the framework within which the trial proceeds,' and such error was not 'simply an error in the trial process itself.' " *Id*. at 222, 245 P.3d at 975 (quoting *U.S. v. Gonzalez–Lopez,* 548 U.S. 140, 148 (2006) (quoting *Arizona v. Fulminante,* 499 U.S. 279, 309–10 (1991)). In such circumstances "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair." *Id*. (quoting *Fulminante*, 499 U.S. at 310).

Thus, in criminal cases trial courts must obtain a defendant's consent to waive the right to jury trial, not just from counsel, but from the defendant herself. Further, such waiver must be knowing, intelligent and voluntary. *See State v. Ruth*, 102 Idaho 638, 642, 637 P.2d 415, 419 (1981) (citing *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). Failing to make these findings as to the defendant personally establishes a structural defect in the proceedings.

b. <u>Structural defects automatically satisfy the third prong of *Perry*.</u>

Having concluded that the failure to obtain a defendant's personal waiver of the right to a jury trial is a structural defect, we must turn to the lynchpin of this analysis: whether establishing a structural defect satisfies the "affected the defendant's substantial rights" prong of the *Perry* test for structural error. We hold that it does.

The rationale underpinning this conclusion is that structural defect cases defy the typical weighing that must occur to determine whether the error affected "the outcome of the trial." *Perry*, 150 Idaho at 226, 245 P.3d at 978. As we have recognized, one of the characteristics of structural defects as identified by the United States Supreme Court is that they "defy analysis by harmless-error standards." *Fulminante*, 499 U.S. at 309-10. The consequences in cases like this one "are necessarily unquantifiable and indeterminate." *Sullivan*, 508 U.S. at 282. Stated more directly, "we rest our conclusion of structural error upon the difficulty of assessing the effect of the error." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 149 (2006).

Here, the district court did not discuss with Vasquez her right to trial by jury, nor did it obtain Vasquez's personal waiver of that right in open court. The district court acted as the trier of fact, heard evidence from both parties and ultimately found Vasquez guilty on contested facts, mainly her intent in questioning and recording D.P. As such, Vasquez has established her right to

9

a jury trial under Article I, section 7 of the Idaho State Constitution was violated. Therefore, the district court's judgment of conviction is vacated.

## IV. CONCLUSION

For the reasons set forth above, we hold that failure to obtain a personal waiver of jury trial from the defendant, either orally or in writing in open court is a structural defect, which constitutes fundamental error. The Judgment of Conviction is vacated *nunc pro tunc* to December 1, 2014.

Chief Justice BURDICK, Justice BRODY and Justices *pro tem* Schroeder and Butler CONCUR.