## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47577

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

CLINTON HAGGARD,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, April 2020 Term

AMENDED
Opinion Filed: June 10, 2020

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The district court's decision is <u>reversed</u> and the case remanded with instructions.

Swafford Law, PC, Idaho Falls, for Appellant. Trevor L. Castleton argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. John C. McKinney argued.

---

BURDICK, Chief Justice.

Clinton Haggard appeals the district court's decision affirming a magistrate court's judgment of conviction. The magistrate court found Haggard guilty of misdemeanor domestic battery in violation of Idaho Code section 18-918(3)(b) after a court trial. For the reasons below, we reverse the district court's decision and remand this case with instructions to the district court to remand this case to the magistrate court with instructions to vacate the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Around midnight on the morning of June 8, 2016, police arrested Haggard and charged him with domestic battery in the presence of a child, a violation of Idaho Code section 18-918(3)(b). Haggard spent the night in custody and at 7:00 a.m., he signed a "Notification of Rights" form. That form admonished him to "initial only those items

which you fully understand." Haggard initialed an item acknowledging that if he pled not guilty, he would "have the right to a trial before the Court or a jury of six (6) jurors[.]" At the end of the listed items, the form advised Haggard that he should not hesitate to speak up if he had "any questions concerning any rights of procedure[,]" and stated: "It is essential that you understand." Haggard signed and dated the document below the following pre-printed statement:

> By signing this document I acknowledge that I have read the same and that I fully understand my rights as indicated and that any questions I may have regarding these rights have been answered to my satisfaction.

A few hours later, Haggard's first appearance occurred in magistrate court. There, the magistrate judge advised Haggard of his rights, to which Haggard replied that he understood and had no questions. He pleaded not guilty and requested counsel. That same day, Haggard filled out a "Statement of Defendant's Rights: Domestic Assault or Battery Cases." This document also informed Haggard that he had the right to a jury trial. It further explained that if he pled not guilty, the court would ask whether he would wish to have a trial before a jury or a trial before the judge only. Haggard signed and dated the document below the statement: "I have read this document or had it explained to me and have received a copy."

On the day of the scheduled pre-trial conference, Haggard signed a "Pretrial Stipulation and Order." Haggard's attorney and the prosecutor also signed the document, but the magistrate judge did not, despite the document having a place for the judge's signature. The only filled-out portion of the document is the date set for the court trial and a checked box next to that date, accompanied by the pre-printed line, appearing in bolded text: "AND the right to have this matter heard by jury trial is waived by both parties."

A court trial took place on September 7, 2016. The magistrate court found Haggard guilty of domestic battery without traumatic injury under Idaho Code section 18-918(3)(b), and sentenced Haggard to 90 days of jail time (with 88 days suspended and 2 days credit) and 24 months of unsupervised probation.

Haggard appealed to the district court, arguing that the magistrate court's failure to secure a personal waiver of his right to a jury trial in open court was reversible error. The district court ordered that the appeal would proceed with no transcript under Idaho Criminal Rule 54.6(b)(1). In October 2017, the district court affirmed the judgment of

conviction and dismissed Haggard's appeal, ruling that Haggard was unable to meet the first prong of the fundamental-error standard because he waived his right to a jury trial. Relevant to this appeal, the district court explained how the pre-trial conference was likely conducted:

> The custom in Bingham County . . . is to hold an informal conference between the prosecutor, the defendant, and defense counsel, after which a pretrial stipulation and order is signed by the parties and the presiding magistrate judge. If issues arise requiring the magistrate's presence, the magistrate is called into the courtroom and matters are placed on the record.

Haggard timely appealed the district court's decision to the Court of Appeals. *State v. Haggard*, No. 45592, 2019 WL 4126365 (Idaho Ct. App. Aug. 30, 2019). The Court of Appeals reversed, holding that Haggard was able to show fundamental error "because the record show[ed] no inquiry into the validity of Haggard's written jury trial waiver and no basis for concluding that the written waiver was knowing, voluntary and intelligent[.]" *Id.* at *2. The State timely petitioned for review, which this Court granted.

## II.  ISSUE ON APPEAL

Has Haggard shown fundamental error because there was no inquiry by the trial court into his jury-trial waiver?

## III.  STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Chernobieff*, 161 Idaho 537, 539, 387 P.3d 790, 792 (2016) (quoting *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011)).

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *Id.* (quoting *In re Doe*, 147 Idaho 243, 248, 207 P.3d 974, 979 (2009)). We review "the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). And "if those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure." *Id.*

## IV. ANALYSIS

The crux of this appeal is whether Haggard effectively waived his right to a jury trial. We hold that Haggard's waiver was ineffective because the magistrate court did not, in open court, inquire into whether the waiver was knowing, intelligent, and voluntary.

As a preliminary matter, the State argues that Haggard failed to preserve consideration of the arraignment transcript on appeal because he failed to include it in the appellate record for the district court. Haggard's failure to include the transcript below does not require us to ignore it on appeal. The district court on intermediate appeal entered an order declaring that the appeal would proceed with no transcript under Idaho Criminal Rule 54.6(b)(1). While the order was likely intended to forestall the costly preparation of a trial transcript, given that Haggard's argument centered on pre-trial matter, the order merely says "no transcript" without any other limiting language. Here, Haggard has included the transcript in the record on appeal to this Court. On these facts, we will consider the transcript despite the district court not having the same opportunity.

Haggard seeks reversal under the fundamental-error doctrine because there was not a timely objection to the trial court. To successfully show fundamental error under *State v. Perry*, Haggard must show:

1. One or more of the defendant's unwaived constitutional rights was violated;

2. The error is clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and

3. The error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

A deficient waiver of the jury-trial right is a structural defect, and thus, automatically satisfies *Perry*'s third prong. *See State v. Vasquez*, 163 Idaho 557, 562–63, 416 P.3d 108, 113–14 (2018). However, the State argues that Haggard cannot meet *Perry*'s first and second prongs. For the reasons below, we determine: (A) Haggard has met the first prong of *Perry* because there is no evidence that the magistrate judge inquired into his jury trial waiver to determine whether it was knowing, voluntary, and intelligent, and (B)

that Haggard has met his burden on the second prong because the error is clear from the record.

## A. Haggard's jury-trial waiver was ineffective.

The district court determined that Haggard's written waiver and his failure to include the arraignment transcript supported finding that the jury-trial waiver was effective. Haggard argues that his signature on the Pretrial Stipulation Form is insufficient to show that his waiver was knowing, voluntary, and intelligent. He also argues that the magistrate court's failure to personally inquire of him, in open court, means his waiver was ineffective. In response, the State argues that Haggard's written waiver is proof, or at least creates a presumption, that his waiver was knowing, voluntary, and intelligent. The State also argues that this Court's case law regarding jury-trial waiver has not been extended to misdemeanors and that this Court's decision in *State v. Vasquez*, 163 Idaho 557, 416 P.3d 108 (2018) does not compel a finding of fundamental error.

Article I, section 7 of the Idaho Constitution provides a jury-trial right for all criminal offenses—felony or misdemeanor—with the exception of infractions. *See State v. Bennion*, 112 Idaho 32, 45, 730 P.2d 952, 965 (1986). In most instances, the Idaho Constitution's jury-trial protections hinge on whether the accused faces incarceration. *Id.* at 44, 730 P.2d at 964. Haggard was charged with misdemeanor domestic battery in the presence of a child in violation of Idaho Code section 18-918(3)(b). A defendant's first conviction under this subsection is subject to a maximum possible sentence of $1,000 and six months of incarceration, or both. I.C. § 18-918(3)(c). However, a defendant charged with domestic battery in the presence of the child faces double the statutory penalties under Idaho Code section 18-918(4). Because Haggard's charge carried the possibility of incarceration, it triggered the jury-trial right under Article I, section 7.

When a defendant waives the right to trial by jury and its associated protections, the trial court is required to abide by certain procedural guidelines. The Idaho Constitution explains *how* one may waive the right to a jury trial:

> The right of trial by jury shall remain inviolate; . . . . A trial by jury may be waived in all criminal cases, by the consent of all parties, **expressed in open court**, . . . signified in such manner as may be prescribed by law. . . .

Idaho Const. art. I, § 7 (emphasis added). This section provides that a jury-trial waiver must be (1) expressed in open court and (2) consented to by all parties. *Id.* How a waiver

can be "signified in such manner as may be prescribed by law" is answered by both statute and court rule. *See Van Vranken v. Fence-Craft*, 91 Idaho 742, 745, 430 P.2d 488, 491 (1967) ("The waiver of [the right to jury trial] cannot be made or enforced unless it appears to have been made in conformity with existing statute or rule, and not by implication."). Though neither party cites to the applicable statutes, Idaho has two statutory provisions that address waiver of the right to trial by jury: Idaho Code sections 19-1902[1] and 19-3911[2]. In addition, this Court promulgated Idaho Criminal Rule 23 to govern how the right to a jury trial may be waived:

> (a) Felony Cases. In felony cases issues of fact must be tried by a jury, unless, **in open court**, a trial by jury is waived in writing by the defendant and the consent of the prosecutor is expressed and entered in the minutes.

> (b) Misdemeanor Cases. In criminal cases not amounting to a felony, issues of fact must be tried by a jury, unless a trial by jury is waived by the consent of both parties expressed **in open court** and entered in the minutes.

I.C.R. 23 (emphasis added).

These procedural components are intertwined with the substantive requirements that the waiver be knowing, intelligent, and voluntary. *Vasquez*, 163 Idaho at 562, 416 P.3d at 113 ("[I]t is axiomatic that the failure to obtain a defendant's personal, knowing and voluntary waiver of her right to jury trial is a clear violation of a constitutional right."). "A defendant's right to be tried by a jury of her peers is a fundamental tenet of constitutional law, both in our nation and in this state." *Id*. "Failing to make [findings that the waiver was "knowing, intelligent, and voluntary"] as to the defendant personally establishes a structural defect in the proceedings." *Id.* at 563, 416 P.3d at 114.

This Court explained how a defendant must *personally* waive the jury-trial right in *Vasquez*, 163 Idaho at 557, 416 P.3d at 108. There, the defendant pled not guilty to a felony intimidating-a-witness charge and was set to have a jury trial. *Id.* at 559, 416 P.3d at 110. However, the day before trial, defense counsel and the prosecutor informed the district

---

[1] Idaho Code section 19-1902 provides:

> Issues of fact must be tried by jury, unless a trial by jury be waived in criminal cases by the consent of both parties **expressed in open court** and entered in the minutes. . . . .

[2] Under Chapter 39 "Proceedings in the Magistrate's Division of the District Court," the Code provides:

> A trial by jury may be waived by the consent of both parties **expressed in open court** and entered in the docket. . . .

I.C. § 19-3911.

court that they intended to waive the defendant's right to a jury trial and stipulate to a court trial. *Id.* The court confirmed this stipulation on the record on the day of trial while the defendant was present, but the court never inquired whether she agreed with the stipulation. *Id.* Following the court's finding of guilt, she appealed. *Id.*

This Court reversed, holding that "failure to obtain a personal waiver of jury trial from the defendant, either orally or in writing in open court is a structural defect, which constitutes fundamental error." *Id.* at 564, 416 P.3d at 115. This Court explained that "failure to obtain a defendant's personal, knowing and voluntary waiver of her right to jury trial is a clear violation of a constitutional right[.]" *Id.* at 562, 416 P.3d at 113. The defendant also showed "clear error" because the district court's procedure contravened Idaho Criminal Rule 23(a). *Id.* This Court emphasized that "the trial court did not discuss with [the defendant] her right to trial by jury, nor did [the defendant] offer any indication that she waived her right in a knowing, voluntary manner." *Id.* This failure amounted to structural error, obviating the defendant's need to show that the error affected the outcome:

> [I]n criminal cases trial courts must obtain a defendant's consent to waive the right to jury trial, not just from counsel, but from the defendant herself. Further, such waiver must be knowing, intelligent and voluntary. Failing to make these findings as to the defendant personally establishes a structural defect in the proceedings.

*Id.* at 563, 416 P.3d at 114 (citations omitted).

Because the due-process requirements for waiving a right are proportional to the constitutional protection surrendered, a general presumption exists *against* the waiver of constitutional rights. *See State v. Thurlow*, 85 Idaho 96, 103, 375 P.2d 996, 1000 (1962). That said, a written waiver carries significant weight in determining whether the waiver was knowing, voluntary, and intelligent. For instance, when the State seeks to admit an interview taken in alleged violation of a defendant's *Miranda* rights, an express written waiver is strong evidence of voluntary waiver, even though it is not conclusive. *State v. Mitchell*, 104 Idaho 493, 497, 660 P.2d 1336, 1340 (1983). Likewise, a defendant's prior experience with the criminal-justice system is a factor considered when determining whether the right was adequately waived. *State v. Bainbridge*, 108 Idaho 273, 276, 698 P.2d 335, 338 (1985).

Here, there is some evidence that Haggard's waiver was knowing, intelligent, and voluntary. For example, Haggard's signature on the Pre-Trial Stipulation raises the

presumption that it was voluntary. Likewise, there are multiple sources of evidence suggesting that his waiver was knowing and intelligent. For one, Haggard signed and initialed two separate forms that apprised him of his rights. In addition, the magistrate court's dialogue with Haggard at his arraignment revealed that Haggard had some experience and savvy with the criminal justice system. Haggard pleaded not guilty, asked for counsel, and stated that he had no questions concerning his rights.

But while this evidence shows some general knowledge or familiarity with court procedures, it does not alter Idaho's constitutional requirement that the waiver and the parties' consent be "expressed in open court":

> This Court has recognized that "where a . . . constitutional provision is plain, clear, and unambiguous, it 'speaks for itself and must be given the interpretation the language clearly implies.'" This Court reviews the provision's language as a whole, considering the meaning of each word, so as not to render any word superfluous or redundant. Thus, the starting point in this Court's interpretation of the relevant constitutional . . . provisions is the plain language

*Coeur D'Alene Tribe v. Denney*, 161 Idaho 508, 518, 387 P.3d 761, 771 (2015) (citations omitted). The plain meaning of the phrase "in open court" requires that the waiver be made on the record before a judge while court is in session:

> **open court** (15c)
>
> 1. A court that is in session, presided over by a judge, attended by the parties and their attorneys, and engaged in judicial business.
>
>    • Open court usu. refers to a proceeding in which formal entries are made on the record. The term is distinguished from a court that is hearing evidence in camera or from a judge that is exercising merely magisterial powers.
>
> 2. A court session that the public is free to attend.
>
>    • Most state constitutions have open-court provisions guaranteeing the public's right to attend trials.

Black's Law Dictionary (11th ed. 2019).

To argue that the written waiver suffices, the State ignores the language from Article I, section 7 of the Idaho Constitution and relies solely on the disjunctive "orally **or** in writing" statement in *Vasquez*. However, in so doing, the State fails to explain the "in open court" qualifier that directly follows that language. *See* 163 Idaho at 564, 416 P.3d at 115. *Vasquez*'s recitation of the "orally or in writing" language stems from the Court of

Appeals' decision in *State v. Swan,* which contemplated a court-conducted inquiry. 108 Idaho 963, 966, 703 P.2d 727, 730 (Ct. App. 1985) ("A requirement that the Court personally address the defendant will not constitute an undue burden on the courts where this very important right is at issue."); *Vasquez*, 163 Idaho at 562, 416 P.3d at 113. *State v. Swan* quoted the disjunctive language from the *American Bar Association Standards for Criminal Justice*, Vol. III., Ch. 15, Trial by Jury, Section 1.2(b) (1980). The current version of the *ABA Standards* explains that its terms outline the methods by which a court may ensure that a jury trial waiver is sufficient *in the absence of constitutional or statutory guidance*. *See American Bar Association Standards for Criminal Justice*, Vol. III., Ch. 15, The Right to Trial by Jury, Section 1.1 p. 123 (1996).

Here, Haggard's waiver was neither signed nor confirmed "in open court." While the Pretrial Stipulation and Order contained an express waiver and displayed the parties consent, there is no evidence of any court-conducted inquiry into that waiver. The stipulation was agreed to at Haggard's pretrial conference, where the parties met and conferred in the courtroom, outside the presence of the judge. As a result, they were never "in open court," because the waiver did not occur in a hearing presided over by a judge attended by the parties and their attorneys. The parties could very easily have called the magistrate judge in to confirm the written waiver on the record. *See State v. Morais*, 203 A.3d 1150, 1156 (R.I. 2019). They also could have easily complied with the open-court requirement on the day the bench trial began by confirming that Haggard wished to proceed without a jury. However, they did not do this.

The open-court requirement presents the procedure to comply with *Vasquez*'s requirement that the trial court find that the defendant's waiver was knowing, intelligent, and voluntary. The State is correct that, unlike *Vasquez* (where there was no evidence—oral or in writing—that suggested that the defendant personally waived her right to a jury trial), Haggard's signature appears on the Pre-Trial Stipulation. Thus, the record contains evidence of a "personal waiver of jury trial from the defendant" done "in writing." But this signature, on its own, fails to meet the "knowing, intelligent, and voluntary" standard in the absence of some sort of inquiry and finding by the trial court. *Vasquez* dictates that the Court *must* make findings on whether the defendant's waiver was knowing, intelligent, and

voluntary *even when it is personally given*. *Vasquez*, 163 Idaho at 563, 416 P.3d at 114 (citations omitted).

Because the waiver was not "expressed in open court," the magistrate court never had the opportunity to inquire whether the waiver was knowing, intelligent, and voluntary. The open-court requirement ensures a record will be made to establish whether there was an adequate waiver. The failure to observe it "simply create[s] fertile ground for an appeal and for post-conviction relief." *State v. Umphenour*, 160 Idaho 503, 507, 376 P.3d 707, 711 (2016). Given the record before us, there is insufficient evidence to show that the waiver was knowing, voluntary, and intelligent in the absence of such findings. Thus, Haggard has shown an ineffective waiver of his jury-trial right and meets *Perry*'s first prong.

## B. Haggard has also met his burden under *Perry*'s second prong because the error is clear from the record.

Meeting *Perry*'s second prong requires that the defendant demonstrate that constitutional error was clear or obvious from the record. *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). The State contends that Haggard cannot meet this burden by arguing that the case law on this point was not fully developed until *State v. Vasquez*. This argument misunderstands *Perry*'s second prong. This Court reemphasized in *State v. Miller* that the focus is whether the record clearly shows error, which includes asking whether the decision was tactical:

> This means the record must contain evidence of the error and the record must also contain evidence as to whether or not trial counsel made a tactical decision in failing to object. If the record does not contain evidence regarding whether counsel's decision was strategic, the claim is factual in nature and thus more appropriately addressed via a petition for post-conviction relief.

165 Idaho 115, 119, 443 P.3d 129, 133 (2019).

In this case, the decision to waive the right to a jury trial is personal to the defendant, so it matters not that there might be tactical considerations which may lead an attorney to advise his client to forgo a jury trial. As this Court explained in *Vasquez*, a record which shows that the court and the parties contravened the requirements of Idaho Criminal Rule 23(a) constituted clear and obvious error. Implicit in *Vasquez*'s holding is the recognition that failure to follow the procedural requirements that ensure that the

defendant personally waived the right in a knowing, intelligent, and voluntary manner obviates any need to determine whether there were any tactical considerations.

The Idaho Constitution requires the defendant's waiver to the "expressed in open court" and Idaho Criminal Rule 23 reinforces that requirement. So while *Vazquez* shored up any doubts about a faulty jury-trial waiver's impact on the fundamental-error analysis, the law pertaining to properly waiving the right to trial by jury was established by the framers of the Idaho Constitution long before *Vasquez* was decided.

## V. CONCLUSION

As explained above, Haggard has carried his burden to show fundamental error because his jury-trial waiver was ineffective. Accordingly, we reverse the district court's decision and remand this case with instructions to the district court to remand this case to the magistrate court with instructions to vacate the judgment of conviction.

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR**.