**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51923**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 20, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES DEAN MILLER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for unlawful possession of a firearm and possession of drug paraphernalia, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

James Dean Miller appeals from his judgment of conviction for unlawful possession of a firearm and possession of drug paraphernalia. Miller argues the district court improperly instructed the jury on reasonable doubt. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Miller with unlawful possession of a firearm (Idaho Code § 18-3316) and misdemeanor possession of drug paraphernalia (I.C. § 37-2734A). The charges arose after law enforcement conducted a traffic stop while investigating a reported shoplifting incident. Miller initially pled not guilty to the charges but later entered a guilty plea to the paraphernalia charge. The case proceeded to a one-day jury trial on the remaining charge of unlawful possession of a firearm.

1

At trial, the State called two witnesses: Officer Bonas and Officer Anderson. Officer Bonas testified that he stopped a vehicle driven by Miller while searching for a man and woman suspected of shoplifting from a store. Miller had two passengers in the backseat of his vehicle--a man, identified as Kodee, and a woman. Officer Bonas determined that Kodee was the individual suspected of the theft. Miller told Officer Bonas that he was the registered owner of the vehicle and that he was merely giving Kodee a ride.

Officer Anderson testified that he responded to assist with the shoplifting investigation involving Kodee. Anderson confirmed that Miller was not involved in the theft. According to Anderson, Miller indicated that he had met Kodee approximately two days earlier. After Kodee was arrested for the shoplifting offense, he informed officers that Miller had a firearm in the glove box of the vehicle.

Officer Anderson subsequently searched Miller's vehicle and located a firearm in the locked glove box. Miller denied that there was a gun in his vehicle and denied that Kodee could have placed one there. At trial, the parties stipulated that the weapon recovered from the vehicle was a firearm and that Miller had previously been convicted of a felony. Officer Anderson testified that neither Miller nor Kodee were legally permitted to possess a firearm.

Neither party submitted proposed jury instructions, nor objected to the district court's reasonable doubt instruction. During closing argument, the State contended that it had proven each element of unlawful possession of a firearm beyond a reasonable doubt. Miller argued the firearm belonged to Kodee and the State had failed to prove that Miller possessed it.

The jury found Miller guilty of unlawful possession of a firearm. The district court thereafter entered a judgment of conviction and sentenced Miller to a unified term of five years, with one year determinate, for the firearm offense. The court also awarded Miller credit for time served for his conviction for possession of drug paraphernalia. Miller appeals.

## II.

## STANDARD OF REVIEW

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

2

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the fundamental error doctrine actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

## III.

## ANALYSIS

Miller contends the district court committed structural error by giving a reasonable doubt instruction that differed from Idaho Criminal Jury Instruction (ICJI) 103. According to Miller, the instruction improperly limited the jury's ability to acquit him by directing it to find him not guilty only if it believed there was a "real possibility" he was not guilty. Miller's argument is foreclosed by controlling precedent.

When a defendant challenges a reasonable doubt instruction as violating due process, the relevant question is whether there is a reasonable likelihood that the jury understood the instruction to allow conviction based on proof insufficient to satisfy the constitutional standard that the State prove every element beyond a reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 6 (1994); *In re Winship*, 397 U.S. 358, 364 (1970). Idaho courts apply that same principle when reviewing challenges to reasonable doubt instructions. *See State v. Laramore*, 145 Idaho 428, 434, 179 P.3d 1084, 1090 (Ct. App. 2007).

The instruction given here stated:

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Few things in this world are known with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty, you must find the defendant guilty. If, on the other

hand, you think there is a real possibility that the defendant is not guilty, you must give the defendant the benefit of the doubt and find the defendant not guilty.

This instruction is derived from the Federal Judicial Center pattern criminal jury instructions and has repeatedly been upheld by Idaho appellate courts. In *State v. Lovelace*, 140 Idaho 53, 90 P.3d 278 (2003), the Idaho Supreme Court considered a nearly identical instruction defining reasonable doubt as proof leaving the jury "firmly convinced" of guilt and requiring acquittal if the jury believed there was a "real possibility" the defendant was not guilty. The Court held that the instruction, based on the Federal Judicial Center pattern instruction, "has been held not to misstate the law or mislead the jury," and therefore, its use was not reversible error. *Id.* at 66, 90 P.3d at 291.

Miller's challenge mirrors the argument rejected in *Lovelace*. Like the defendant there, Miller contends that requiring jurors to be "firmly convinced" of guilt and to acquit only if there is a "real possibility" of innocence reduces the State's burden because the instruction does not repeat the phrase "beyond a reasonable doubt" in the final two sentences. *Lovelace* rejected that precise argument. Because the instruction used here is materially indistinguishable from the instruction upheld in *Lovelace*, Miller cannot demonstrate that the instruction misstated the law or misled the jury.

In the reply brief, Miller acknowledges that *Lovelace* applies to the challenged instruction here. Mindful of this acknowledgment, Miller nonetheless argues the district court still erred by giving this "nearly obsolete" instruction. Miller states, "[i]t appears that the First, Third, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits have abandoned the [Federal Judicial Center's] pattern instruction on reasonable doubt, and only the Tenth Circuit has retained the FDC's language" (noting that counsel was unable to locate pattern jury instructions for the Second and Fourth Circuits, nor does it address which instruction is used in the Seventh Circuit).

While federal circuits may no longer provide that instruction, Idaho courts have upheld instructions derived from the same federal pattern language. In *State v. Merwin*, 131 Idaho 642, 962 P.2d 1026 (1998), the Court recognized that instructions differing from ICJI 103 may still be proper so long as they correctly state the law. *Id.* at 647-48, 962 P.2d at 1031-32. Similarly, in *State v. Sheahan*, 139 Idaho 267, 77 P.3d 956 (2003), the Court upheld a comparable instruction and concluded that, when read as a whole, it did not lessen the State's burden of proof. *Id.* at 275, 77 P.3d at 964. Although the Court in *Sheahan* encouraged trial courts to use the approved pattern

jury instruction to avoid unnecessary controversy, it nevertheless determined that the deviation in that case did not constitute reversible error.

Consistent with those authorities, the instruction given in Miller's case accurately described the State's burden of proof. It defined proof beyond a reasonable doubt, clarified that the standard does not require proof overcoming every possible doubt, and directed the jury to convict only if it was firmly convinced of Miller's guilt. Conversely, it instructed the jury to acquit if it believed there was a real possibility Miller was not guilty. Idaho appellate courts have repeatedly held that such language does not lessen or relieve the State's burden of proof.

Moreover, the jury instructions as a whole reinforced the proper burden. The jury was instructed that Miller was presumed innocent unless proven guilty beyond a reasonable doubt and that the State was required to prove each element of the charged offense beyond a reasonable doubt. The elements instruction explicitly directed the jury to find Miller not guilty if the State had not proved, beyond a reasonable doubt, every element of the charged crime. When read together, the instructions clearly informed the jury that conviction required proof beyond a reasonable doubt.

Because the instruction did not misstate the law, mislead the jury, or lessen the State's burden of proof, Miller has failed to demonstrate a violation of his constitutional rights. Accordingly, he cannot satisfy the first prong of the fundamental error doctrine.

Even if Miller could establish error, he cannot satisfy the second prong of the fundamental error doctrine. To meet that requirement, the defendant must demonstrate that the alleged error plainly appears from the record and that existing authorities have unequivocally resolved the issue in the defendant's favor. *See State v. Hadden*, 152 Idaho 371, 375, 271 P.3d 1227, 1231 (Ct. App. 2012).

The record here reveals no such clear error. Neither party proposed jury instructions, and neither party objected to the reasonable doubt instruction given by the district court. Given the consistent line of cases approving instructions derived from the Federal Judicial Center pattern instruction--including *Lovelace*, *Merwin*, and *Sheahan*--trial counsel could reasonably have concluded that an objection would be unsuccessful or unnecessary. Decisions regarding whether to propose or object to jury instructions fall within the realm of trial strategy. *See State v. Dopp*, 129 Idaho 597, 609, 930 P.2d 1039, 1051 (Ct. App. 1996).

Miller does not demonstrate from the record that counsel's failure to object was not tactical. Instead, he relies on cases addressing waiver of the right to a jury trial, including *State v. Haggard*, 166 Idaho 858, 465 P.3d 1097 (2020) and *State v. Vasquez*, 163 Idaho 557, 416 P.3d 108 (2018). Those decisions concern rights that must be personally waived by the defendant and therefore do not govern strategic decisions about jury instructions. Thus, because Miller has not shown that the lack of objection was anything other than a possible strategic choice, he fails to satisfy the second prong of the fundamental error doctrine. *See Miller*, 165 Idaho at 119, 443 P.3d at 133.

Since Miller has failed to show that the reasonable doubt instruction violated his constitutional rights or that any alleged error plainly appears from the record, he cannot establish fundamental error. Consequently, we need not address the third prong of the fundamental error doctrine. *Id.* at 119-20, 443 P.3d at 133-34.

## IV.

## CONCLUSION

The jury instruction on reasonable doubt by the district court was proper. Accordingly, Miller's judgment of conviction for unlawful possession of a firearm and possession of drug paraphernalia is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.